1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6

UNITED STATES OF AMERICA,

7

Plaintiff,

8

v.

C17-0668 TSZ

9

KOMRON M. ALLAHYARI; and
SHAUN ALLAHYARI,

ORDER

10
11

Defendants.

12       On March 3, 2025, Plaintiff the United States of America filed a Motion to Amend

13   Order of Foreclosure and Judicial Sale and Appoint Receiver, docket no. 213, requesting

14   the appointment of Steve S. Snider as a receiver to take custody and arrange for the sale

15   of the real property located at 3453 77th Place SE, Mercer Island, Washington 98040

16   ("Subject Property" and described more completely below). Steven S. Snider has no

17   interest in this action and is competent and qualified to act as receiver. Having reviewed

18   all papers filed in support of, and in opposition to, the motion, and for good cause shown,

19   it is hereby ORDERED that the Motion is GRANTED.[1] Accordingly, it is further

20   ORDERED:

21
22

_____

23   [1] The Court has reviewed the objections of Defendant Shaun Allahyari, docket no. 214, and concludes
that his objections are without merit.

ORDER - 1

**Sale of Subject Property and Appointment of Receiver**

The Order of Foreclosure and Judicial Sale, docket no. 102, is AMENDED to allow for the appointment of a receiver to sell the Subject Property. The Subject Property shall be sold under the First Amended Judgment of this Court, docket no. 208, pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 2001, according to the terms set out below. Steven S. Snider (the "Receiver") is appointed pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), to act as the receiver to enforce the tax liens at issue in this case according to the terms set out below.

**Property Subject to Receivership**

The Subject Property is a parcel of real property commonly described as 3453 77th Place SE, Mercer Island, Washington 98040, and bears King County Assessor's Parcel No. 545880-0265-09. The legal description of the Subject Property is as follows:

> LOT 8, BLOCK 4, MERCERDALE NUMBER 1, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 59 OF PLATS, PAGES 94 THROUGH 96, IN KING COUNTY, WASHINGTON.

The Receiver is directed to take custody of the Subject Property upon vacation of all occupants under paragraph 6, below, or after seventy-five (75) days of the date of this Order, whichever is sooner, and arrange the sale of the Subject Property, subject to approval by this Court. The Receiver is directed to take possession of the Subject Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of the Subject Property, and to arrange for the sale of the Subject Property, free and clear of any rights, titles, claims or interests.

**The Receivership**

The terms and conditions of the sale shall be:

1.      The Receiver shall have the authority to, and is directed to, arrange for the sale of the Subject Property subject to confirmation by this Court. The initial listing price may be set by the United States, in consultation with the Receiver. If lack of buyer interest or buyer feedback indicates that the listing price is too high, the United States, in consultation with the Receiver, may lower the listing price. The United States, in consultation with the Receiver, shall have the exclusive authority to decide what counteroffers, if any, to make in response to an offer. The United States shall have the exclusive authority to decide whether to accept an offer or counteroffer for the Subject Property, conditioned on Court confirmation.

2.      The terms of any purchase agreement shall include the balance of the purchase price paid in cash or certified check at closing, and shall include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of the expenses incurred by the Receiver in accordance with paragraph 10, below, with the remainder to be distributed to the named parties in accordance with the order of priority as set forth in paragraph 11, below.

3.      The United States shall be responsible for the filing of the motion to confirm the sale. Closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim deed to the Subject Property, executed by the Receiver, with the interests or other claims of the

parties to this action to attach to the proceeds from the sale of the Subject Property in the same order of priority as they currently have against the Subject Property.

4.    The sale of the Subject Property shall be free and clear of all liens and interests. Upon confirmation of the sale, all interests in, liens against, or claims to, the Subject Property that are held or asserted by any and all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished.

5.    The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this Order, specifically including, but not necessarily limited to, the power to enter the Subject Property, to inspect the Subject Property, to advertise the sale of the Subject Property, to show the Subject Property to prospective buyers, to take any action reasonably necessary to protect and preserve the value of the Subject Property prior to sale, and to put the Subject Property into salable condition, including making expenditures of funds less than $1,000.00 (in total) without preauthorization from the United States, or if greater than $1,000.00 (in total), first obtaining the authorization of the United States for reasonable and necessary repairs, maintenance, and minor improvements. Any expenditures will be reimbursed in accordance with paragraph 10, below, to the extent not already paid under paragraph 2, above. The Receiver shall not have any obligation to advance its own funds to pay any costs or expenses related to the Subject Property.

6.    All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within seventy-five (75) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property). If any person fails or

refuses to leave and vacate the Subject Property by the time specified in this Order, the Receiver is authorized to coordinate with the United States Marshal's Office to take whatever action it deems appropriate to remove such person from the premises. Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order. The United States Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Subject Property, he/she shall relinquish possession and custody of the Subject Property to the Receiver. No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization by the United States. Unauthorized persons who re-enter the Subject Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

7.    Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Property is confirmed by this Court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court to the purchaser(s) thereof.

8.    If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining on the Subject Property thereafter is deemed forfeited and abandoned, and the Receiver is authorized and directed to remove it and to dispose of it in any manner they see fit,

1  including sale, in which case the proceeds of the sale are to be applied first to the

2  expenses of sale, and then to the outstanding liabilities at issue in this action. Nothing in

3  this Order shall be construed to restrict or otherwise interfere with the Internal Revenue

4  Service's ability to administratively collect against the personal property of Komron M.

5  Allahyari, in accordance with the law.

6      9.    Until the Subject Property is sold, Komron M. Allahyari, Leslie R. Cover,

7  Shaun Allahyari, and any occupant of the Subject Property shall take all reasonable steps

8  necessary to preserve the Subject Property (including all buildings, improvements,

9  fixtures and appurtenances on the property) in its current condition. Any occupant of the

10  Subject Property, and Komron M. Allahyari must maintain a fire and casualty insurance

11  policy on the Subject Property. Komron M. Allahyari, Leslie R. Cover, Shaun Allahyari,

12  and any occupant of the property shall neither commit waste against the Subject Property

13  nor cause nor permit anyone else to do so. They shall neither do anything that tends to

14  reduce the value or marketability of the Subject Property nor cause or permit anyone else

15  to do so. They shall not record any instruments, publish any notice, or take any other

16  action (such as running newspaper advertisements or posting signs) that may directly or

17  indirectly tend to adversely affect the value of the Subject Property or that may tend to

18  deter or discourage potential bidders from participating in the public auction, nor shall

19  they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a

20  contempt of court and punishable as such.

21  / / /

22  / / /

23  / / /

1      **Distribution of Proceeds**

2          10.      The Receiver shall be compensated from the proceeds of the sale of the

3    Subject Property as follows:

4                   a.      in an amount equal to 6% percent of the gross sale proceeds from

5                           which the Receiver must pay any buyer broker commission or if the

6                           Receiver finds the buyer, without having to involve a separate

7                           buyer's agent, in an amount equal to 5% percent of the gross sale

8                           proceeds; and

9                   b.      for its reasonable and necessary expenditures incurred in compliance

10                          with paragraph 5, above (e.g., for repairs, maintenance, minor

11                          improvements and/or insurance).

12   The Receiver shall receive payment of the above-described compensation from a

13   distribution from the proceeds of a sale approved by the Court at closing, as a direct cost

14   of sale, and before any net sale proceeds are used to pay the claims of the parties to this

15   action.

16         11.      The net proceeds of sale after payment of compensation to the Receiver as

17   set forth in paragraph 10, above, shall be deposited with the Court unless directed

18   otherwise in a sale confirmation order. Upon appropriate motion for disbursement or

19   stipulation of the parties, the Court will disburse the net proceeds of sale in the following

20   order of preference until these expenses and liens are satisfied, or the proceeds are

21   exhausted:

22                  a.      First, to King County, for any and all liens it may have on the

23                          Subject Property for unpaid real property taxes or special

ORDER - 7

1    assessments at the time of the sale pursuant to the Stipulation to

2    Priority and to Dismissal of King County, docket no. 17; see also

3    Order (docket no. 18);

4    b.    Second, to Shaun Allahyari, in the amount of the value of the BECU

5    Deed of Trust as described in the First Amended Judgment, docket

6    no. 208, and Stipulation and Order Approving First Amended

7    Stipulation Between the United States and Shaun Allahyari

8    Regarding the Value of the BECU Deed of Trust as of May 1, 2022,

9    docket nos. 201, 203, at the time of sale;

10    c.    Third, the United States, in the amount of the remaining proceeds up

11    to the amount of the outstanding balance of the tax liens reduced to

12    judgment against Komron M. Allahyari.

13    12.    If there are any remaining proceeds after application of the foregoing

14    paragraph, the Clerk shall retain such proceeds pending further application by the parties

15    to this action.

16    13.    The United States, all of the defendants in this case, and all other persons

17    acting in concert with them, or on their behalf, are hereby restrained and enjoined from

18    doing anything that tends to interfere with or reduce the value or marketability of the

19    Subject Property, or from interfering with the Receiver, or with the Receiver's efforts to

20    comply with his obligations under this Order. Violations of this paragraph shall be

21    deemed a contempt of court and punishable as such.

22    / / /

23    / / /

ORDER - 8

14.     To the extent that any provisions of the Order of Foreclosure and Judicial Sale, docket no. 102, are inconsistent with any provisions of this Order, the provisions of the Order of Foreclosure and Judicial Sale are withdrawn.

15.     The Receiver shall submit progress reports to the Court and the parties every ninety days (90) from the date of this Order until the Receiver is discharged.

The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 22nd day of May, 2025.


_____
Thomas S. Zilly
United States District Judge

ORDER - 9